UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAMES KAISER,<br><br>        Plaintiff,<br><br>vs.<br><br>WORKFORCE HOPE, INC., and DAN HODGSON<br><br>        Defendants. | CASE NO.: 2:25-cv-02629-BHH<br><br>**COMPLAINT** |

**COMPLAINT**

James Kaiser ("Kaiser" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants Workforce Hope, Inc., ("Workforce"), and Dan Hodgson ("Hodgson")(collectively "Defendants" or "the Company") seeking to recover damages in accordance with the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§201 et. seq.) and the South Carolina Payment of Wages Act ("Payment of Wages Act") (S.C. Code Ann., §§41-10-10, et seq.)

**THE PARTIES**

1. Kaiser is an adult citizen and resident of Charleston, South Carolina. During all relevant times, Kaiser was an employee of Workforce Hope, Inc., employed as the company's Chief Impact Officer and worked remotely from his residence in Charleston, South Carolina.

2. Defendant Workforce Hope, Inc. ("Workforce") is a human resources company, incorporated in the State of North Dakota with its principal place of business at 3523 45th Street S,

Suite 100, Fargo, North Dakota 58104.  Defendant Workforce is registered to do business in a multitude of states, including but not limited to South Carolina.

3. Upon information and belief, Defendant Dan Hodgson ("Hodgson") is the CEO and founder of Defendant Workforce and is a resident of Fargo, North Dakota.  Hodgson exercises operational control over Defendant Workforce as its Chief Executive Officer, having the authority to hire, discipline, and fire employees; was involved in the decisions to set wages and pay employees.

4. At all times relevant, Defendant Workforce was Plaintiff's employer as defined by the FLSA (29 U.S.C. §§203) and the Payment of Wages Act (S.C. Code Ann. §41-10-10(1)).

5. At all times relevant, Defendant Hodgson was Plaintiff's employer as defined by FLSA (29 U.S.C. §§203) and the Payment of Wages Act (S.C. Code Ann. §41-10-10(1)).

## JURISDICTION AND VENUE

6. This action is brought pursuant to the FLSA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

7. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's allegations of violations of the Payment of Wages Act, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

8. Venue is appropriate within this District because the causes of action alleged to have occurred in this Complaint occurred in the District and in this Division.

## RELEVANT FACTS

9. Plaintiff was hired by Defendants on or about June 14, 2023 as Workforce's Chief Impact Officer. The Company agreed to compensate Plaintiff a base rate compensation of $200,000 annually plus benefits and bonuses for the first six months of employment, and $300,000 annually plus benefits and bonuses thereafter.

10. Plaintiff performed exceptionally during his tenure with the Company, including but not limited to (1) successfully securing a MOU with the University of Notre Dame Migrant Impact Network, for which the Company never paid and the project was stopped; (2) identifying, presenting and leading the completion of a sales deal with CommonSpirit Health worth millions of dollars once fully implemented; and (3) negotiating and closing smaller deals worth $75,000 to Defendant Workforce.

11. During the first six months of Plaintiff's employment, the Company failed to compensate Plaintiff approximately half of the wages owed to him. However, the Company reported to the IRS through Plaintiff's W-2 that the Company had in fact paid Plaintiff the entirety of the agreed-upon salary.

12. On or about February 22, 2024, Scott Craig, Executive Officer of Defendant Workforce, addressed this inaccuracy between the reported pay and the actual pay Plaintiff received, stating, "In my mind you should get a W-2 for the amounts received (the gross wage before social security withholdings) and then also get a schedule of the amounts you should have received compared to what you did receive. The difference being what is owed to you."

13. As of August 19, 2024, Plaintiff had only received total pay of $36,507.28 (after taxes and withholdings), despite having worked for Defendants for 13 months at the agreed salary of $200,000 annually.

14. On or about August 22, 2024, Plaintiff was due to receive an increase in pay to $300,000 annually, as stated in the Company's offer letter, but Plaintiff did not receive the said pay increase.

15. To date, Plaintiff has not received any of the benefits promised to him in the employment offer letter provided by the Company. As a result, Plaintiff was required to be added to his wife's health insurance plan through her employer at a monthly cost of $825.33 per month, totaling $13,205.28 in benefits to date which the Company owes to Plaintiff.

16. As part of his employment with the Company, Plaintiff attended work trips to Mexico and Indiana in order to meet with potential customers/partners. The Company failed to reimburse Plaintiff for these trips, totaling $787.25 owed to Plaintiff in reimbursements.

17. Despite extreme patience and numerous attempts by Plaintiff to resolve these payment issues with Defendants, Plaintiff has been forced to retain counsel in order to secure the various wages, benefits, and expense reimbursements owed to him by the Company.

18. As of August 19, 2024, the Company owes Plaintiff $229,925.69, including unpaid wages in the amount of $215,933.16, benefits in the amount of $13,205.28, and reimbursements in the amount of $787.25.

19. Defendants have admitted owing Plaintiff wages, benefits and reimbursements due and despite many promises, still have not compensated or reimbursed Plaintiff.

## **FIRST CAUSE OF ACTION**

**Fair Labor Standards Act - Minimum Wage Violations**

20. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

21. Defendant Workforce is an "employer" within the meaning of Fair Labor Standards Act, 29 U.S.C. § 203(s), because its employees are engaged in interstate commerce by, among other acts, entering into contracts, communicating, and otherwise conducting business over state lines.

22. The individual Defendant, Hodgson, is also an "employer" under 29 U.S.C. § 203(d) because he has acted directly or indirectly in the interests of his corporate entities, business operations, and/or one another in relation to his employees, including Plaintiff.

23. In addition, Plaintiff is an "employee" under the FLSA during all times relevant to this Complaint because he involved in interstate commerce on a regular basis during his employment with Defendants.

24. Defendants have failed to pay Plaintiff an hourly rate of at least $7.25 per hour for each and every hour Plaintiff worked, as required by Section 6(a)(1)(C) of the FLSA, 29 U.S.C. § 206(a)(1)(C).

25. Defendants failed to pay Plaintiff for wages earned during some pay periods and only paid portions of wages owed for other pay periods well after they were legally due.

26. Plaintiff is entitled to minimum wage for every hour worked pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

27. The failure of Defendants to timely compensate Plaintiff at least minimum wage was knowing, willful, intentional, and done in bad faith.

28. Plaintiff is entitled to liquidated damages equal to the amount of unpaid wages due to him under the FLSA for all wages that were never paid and for all wages that were paid well after they were legally due, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

29. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### Violation of the South Carolina Payment of Wages Act,

### S.C. Code Ann. § 41-10-10

30. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

31. Pursuant to S.C. Code Ann. section 41-10-10 provides that "[e]very employer in the State shall pay all wages due in lawful United States money or by negotiable warrant or check bearing even date with the payday." S.C. Code Ann. § 41-10-40(A).

32. Pursuant to S.C. Code Ann. Section 41-10-10(2), "Wages' means all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, place, or commission basis, or other method of calculating the amount…"

33. Pursuant to S.C. Code Ann. § 41-10-40(C), an "employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions as required by subsection (A) of Section 41-10-30."

34. Pursuant to S.C. Code Ann. § 41-10-50, "[w]hen an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days."

35. Pursuant to S.C. Code Ann. § 41-10-80(C), an employee who has not been paid in accordance with the South Carolina Payment of Wages Act "may recover in a civil action an

amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."

36. At all times relevant to the action, Defendants were the employer of Plaintiff, covered by the wage mandates of the South Carolina Payment of Wages Act.

37. Defendants' refusal to compensate Plaintiff the wages owe to him is willful and as a result, Plaintiff is entitled to (1) all amounts due to him; (2) treble damages up to three times the amount of unpaid wages; and (3) attorney's fees.

### THIRD CAUSE OF ACTION

#### Breach of Contract

38. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

39. At all times relevant, there was a valid agreement between Plaintiff and Defendants, as set forth in the Offer of Employment provided by Defendants and accepted by Plaintiff.

40. Plaintiff has fulfilled his obligations and complied with any and all conditions and obligations under the agreement that he was required to perform.

41. Defendants materially breached this agreement by failing to;

    a. Pay Plaintiff in the amounts owed to him in the payment details outlined in the agreement;

    b. Provide Plaintiff with employment benefits, namely health insurance, as outlined in the agreement; and

      c. Reimburse Plaintiff for his out-of-pocket travel expenses, including travel costs, meals, and lodging expenses incurred when traveling on behalf of the Company per Company standards.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in such amounts as are proven at trial, plus liquidated and/or treble damages, interest (both pre and post judgment), attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

                              BRETT M. EHMAN
                              Attorney at Law

March 27, 2025                /s/ Brett M. Ehman
                              Brett M. Ehman
                              Fed Bar No.: 12844
                              S.C. Bar No.: 102443
                              Attorney for Plaintiff
                              2971 West Montague Avenue
                              Suite 203
                              North Charleston, SC 29418
                              (843) 225-3607
                              brett@ehmanlaw.com